1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

Northern District of California

10

Oakland Division

11   FIRST TIME VIDEOS, LLC,                        No. C 11-01675 LB

12                         Plaintiff,              **ORDER GRANTING PLAINTIFF'S**
                                                    ***EX PARTE* MOTION FOR**
13              v.                                  **EXPEDITED DISCOVERY**

     DOES 1-37,
14                                                  **[ECF No. 6]**
                          Defendants.
15   _____/

16                                  **I.  INTRODUCTION**

17        Plaintiff First Time Videos, LLC asserts claims for copyright infringement pursuant to 17 U.S.C.

18   § 101 *et seq.* and for civil conspiracy.  Complaint, ECF No. 1.  It seeks permission to take limited,

19   expedited discovery to identify and name the Doe defendants in this case.  *Ex Parte* Motion for

20   Expedited Discovery, ECF No. 6.  In its motion, First Time Videos requests that the court allow it to

21   serve subpoenas on certain Internet Service Providers ("ISPs") to obtain information identifying the

22   Doe defendants so that it can complete service of process on them.  *Id.* at 12.

23        As discussed below, First Time Videos has demonstrated that: (1) the Doe defendants are real

24   people who may be sued in federal court; (2) it has unsuccessfully attempted to identify the Doe

25   defendants prior to filing this motion; (3) its infringement and civil conspiracy claims against the

26   Doe defendants could survive a motion to dismiss; and (4) there is a reasonable likelihood that

27   service of the proposed subpoenas on the ISPs will lead to information identifying the Doe

28   defendants.  The court therefore finds that good cause exists to allow First Time Videos to engage in

1 this preliminary discovery. Accordingly, the court **GRANTS** First Time Videos' motion.

2 ## II. BACKGROUND

3 First Time Videos is a Nevada based limited liability company that produced adult content

4 within a variety of adult entertainment niches. Complaint, ECF No. 1 at 4, ¶ 6. First Time Videos'

5 most prominent site is "ftvgirls.com" which features over 2,500 videos and over 100,000 high

6 resolution photographs. *Id.* As part of this venture, First Time Videos produced a copyrighted work

7 titled "FTV Girls - Ella." *Id.* at ¶ 7. According to First Time Videos, the Doe defendants, without

8 its permission, reproduced and distributed "FTV Girls - Ella" to numerous third parties through a

9 peer-to-peer file sharing network. *Id.* at 7, ¶ 23. It alleges that reproduction and distribution of this

10 work violated the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*, thereby causing it economic and

11 reputation damages. *Id.* at 8, ¶ 29. It also claims that the Doe defendants participated in a common-

12 plan civil conspiracy to unlawfully reproduce and distribute the work, which caused economic and

13 reputation damage to First Time Videos. *Id.* at ¶¶ 32-39.

14 Because the peer-to-peer file sharing network that the Doe defendants utilized is partially

15 anonymous, First Time Videos does not know the defendants' names and addresses, and, as a result,

16 is unable to complete service of process on them. Motion, ECF No. 6 at 4. However, it has been

17 able to identify the Internet Protocol ("IP") assigned to each of the Doe defendants and the date and

18 time that each defendant allegedly infringed on its copyrighted work. *Id.*; Complaint, ECF No. 1-2

19 at 2, Exh. A. Additionally, First Time Videos has identified the Internet Service Provider ("ISP")

20 for each of the IP addresses. Motion, ECF No. 6 at 5. First Time Videos therefore requests that,

21 pursuant to Federal Rule of Civil Procedure 26(d), the court grant it leave to serve a Rule 45 third-

22 party subpoena on each ISP listed in Exhibit A of the Complaint that assigned an IP addresses to the

23 Doe defendants so that it may obtain the names and contact information of the Doe defendants to

24 effect service of process on them. *Id.* at 14-16.

25 ## III. DISCUSSION

26 ### A. Legal Standard for Leave to Take Early Discovery

27 A court may authorize early discovery before the Rule 26(f) conference for the parties' and

28 witnesses' convenience and in the interests of justice. Fed. R. Civ. P. 26(d). Courts within the

C 11-01675 LB
ORDER GRANTING *EX PARTE* MOTION FOR EXPEDITED DISCOVERY
2

Ninth Circuit generally consider whether a plaintiff has shown "good cause" for the early discovery. *See, e.g., IO Group, Inc. v. Does 1-65*, No. C 10-4377 SC, 2010 WL 4055667, at *2 (N.D. Cal. Oct. 15, 2010); *Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 275-277 (N.D. Cal. 2002); *Texas Guaranteed Student Loan Corp. v. Dhindsa*, No. C 10-0035, 2010 WL 2353520, at * 2 (E.D. Cal. June 9, 2010); *Yokohama Tire Crop. v. Dealers Tire Supply, Inc.*, 202 F.R.D. 612, 613-14 (D. Ariz. 2001) (collecting cases and standards).

When the identities of defendants are not known before a complaint is filed, a plaintiff "should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). In evaluating whether a plaintiff establishes good cause to learn the identity of Doe defendants through early discovery, courts examine whether the plaintiff (1) identifies the Doe defendant with sufficient specificity that the court can determine that the defendant is a real person who can be sued in federal court, (2) recounts the steps taken to locate and identify the defendant, (3) demonstrates that the action can withstand a motion to dismiss, and (4) proves that the discovery is likely to lead to identifying information that will permit service of process. *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999).

**B. Plaintiff Has Shown Good Cause**

Here, First Time Videos has made a sufficient showing under each of the four factors listed above to establish good cause to permit it to engage in early discovery to identify the Doe defendants.

First, First Time Videos has identified the Doe defendants with sufficient specificity by submitting a chart listing each of the defendants by the IP address assigned to them on the day it alleges the particular defendant engaged in the infringing conduct. *See* Exh. A, ECF No. 1-2 at 2; Hansmeier Decl., ECF No. 6-1 at 5-8, ¶¶ 12-20.

Second, First Time Videos has adequately described the steps it took to locate and identify the Doe defendants. Specifically, it investigated and collected data on unaApril 11, 2011uthorized distribution of copies of "FTV Girls - Ella" on BitTorrent-based peer-to-peer networks. Hansmeier

UNITED STATES DISTRICT COURT
For the Northern District of California

Decl., ECF No. 6-1 at 5-8, ¶¶ 12-20.  The data that First Time Videos gathered, separated out by Doe defendant, is listed in Exhibit A to the complaint and includes each defendant's IP address, the ISP that assigned that IP address, and the date and time the defendant infringed on its copyrighted work.  Exh. A, ECF No. 1-2. at 2.  However, First Time Videos has been unable to further identify the Doe defendants.

Third, First Time Videos has pled the essential elements to state a claim for copyright infringement and a claim for civil conspiracy against the Doe defendants.  Complaint, ECF No. 1 at 7-9, ¶¶ 25-39.

Fourth, First Time Videos has demonstrated that the proposed subpoena seeks information likely to lead to identifying information that will allow it to effect service of process on the Doe defendants. Specifically, the proposed subpoena requests that each ISP produce information sufficient to identify the Doe defendant who subscribed to its service, including the defendant's name, address, telephone number, email address, and media access control address.  Motion, ECF No. 6 at 15.

Taken together, the court finds that the foregoing factors demonstrate good cause exists to grant First Time Videos leave to conduct early discovery to identify the Doe defendants.  *See Semitool*, 208 F.R.D. at 276.  Further, the court finds that early discovery furthers the interests of justice and poses little, if any, inconvenience to the subpoena recipients.  Permitting First Time Videos to engage in this limited, early discovery is therefore consistent with Rule 26(d).

In First Time Videos' proposed order, it requests that the court permit it to serve the subpoena on "any other entity later identified."  The court denies this request.  If it identifies new entities, First Time Videos may submit a declaration detailing the four requirements discussed above along with a proposed order mimicking the language in the following section.

## IV.  CONCLUSION

For the reasons stated above, the court **GRANTS** First Time Videos' *Ex Parte* Motion for Expedited Discovery as follows.

1.  **IT IS HEREBY ORDERED** that Plaintiff may immediately serve Rule 45 subpoenas on the Internet Service Providers (ISPs) listed in Exhibit A to the Complaint to obtain information to

UNITED STATES DISTRICT COURT
For the Northern District of California

1   identify each Doe Defendant, including the name, address, telephone numbers, email addresses, and

2   media access control addresses.  Each subpoena shall have a copy of this Order attached.

3       2.  **IT IS FURTHER ORDERED** that the ISPs will have <u>30 days</u> from the date of service upon

4   them to serve the subscribers of the IP addresses with a copy of the subpoena and a copy of this

5   order.  The ISPs may serve the subscribers using any reasonable means, including written notice sent

6   to the subscriber's last known address, transmitted either by first-class mail or via overnight service.

7       3.  **IT IS FURTHER ORDERED** that subscribers shall have <u>30 days</u> from the date of service

8   upon them to file any motions in this court contesting the subpoena (including a motion to quash or

9   modify the subpoena).  If that 30-day period lapses without a subscriber contesting the subpoena, the

10  ISPs shall have <u>10 days</u> to produce the information responsive to the subpoena to Plaintiff.

11      4.  **IT IS FURTHER ORDERED** that the subpoenaed entity shall preserve any subpoenaed

12  information pending the resolution of any timely-filed motion to quash.

13      5.  **IT IS FURTHER ORDERED** that any ISP that receives a subpoena pursuant to this Order

14  shall confer with Plaintiff and shall not assess any charge in advance of providing the information

15  requested in the subpoena.  Any ISP that receives a subpoena and elects to charge for the costs of

16  production shall provide a billing summary and cost reports that serve as a basis for such billing

17  summary and any costs claimed by such ISP.

18      6.  **IT IS FURTHER ORDERED** that Plaintiff shall serve a copy of this order along with any

19  subpoenas issued pursuant to this order to the necessary entities.

20      7.  **IT IS FURTHER ORDERED** that any information disclosed to Plaintiff in response to a

21  Rule 45 subpoena may be used by Plaintiff solely for the purpose of protecting Plaintiff's rights as

22  set forth in its complaint.

23      This disposes of ECF No. 6.

24      **IT IS SO ORDERED.**

25  Dated: April 14, 2011

26  _____
    LAUREL BEELER
    United States Magistrate Judge

27

28

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**